**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00143-GPG

SHAUN ROSIERE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER OF DISMISSAL**

---

On January 19, 2016, Plaintiff Shaun Rosiere, a resident of Las Vegas, Nevada, submitted a "Complaint for Relief Pursuant to: Title 5 U.S.C. § 552" (ECF No. 1) and an application to proceed *in forma pauperis* (ECF No. 2).

On January 21, 2016, the Court reviewed the submitted documents and determined they were deficient. The Court ordered Plaintiff to cure certain designated deficiencies if he wished to pursue any claims in this action. (ECF No. 4).

The Court also informed Plaintiff that the Court had reviewed the Public Access to Court Electronic Records (PACER) and found that Plaintiff has filed two identical law suits in different federal district courts: one in the District of Nevada (*see Rosiere v. USA*, 2:15-cv-02187 (D. Nev. filed Nov. 16, 2015)) and the other in the District of New Jersey (*see Rosiere v. USA*, 3:16-cv-341 (D.N.J. filed Jan. 19, 2016))  In each of these cases, Plaintiff names the United States of America as the defendant and asserts almost identical claims based on alleged violations of the Freedom of Information Act

(FOIA). In all three of the cases, Plaintiff requests the same relief: the production of the same documents included in numerous FOIA requests.

The Court warned Plaintiff that this Court does not tolerate the abuse of the federal court system and any attempt by Mr. Rosiere to relitigate the same issues that were addressed previously or are currently pending in other federal district courts would not be tolerated. Plaintiff was instructed to assert only claims that are properly raised in this Court and that have not been decided by -- or are currently pending -- in another federal district court.

In response, on February 2, 2012, Plaintiff filed an Amended Complaint (ECF No. 5) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 6). He has been granted leave to proceed *in forma pauperis.* (ECF No. 10).

On February 25, 2106, Magistrate Judge Gordon P. Gallagher ordered Mr. Rosiere to show cause why this action should not be dismissed as duplicative of *Rosiere v. USA*, 2:15-cv-02187 (D. Nev.) and *Rosiere v. USA*, 3:16-cv-341 (D.N.J.). (ECF No. 7). On March 3, 2016, Mr. Rosiere filed a Response to the Show Cause Order (ECF No. 8) and a "Complaint against Conduct" (ECF No. 9).

The Court must construe the submitted documents liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, the Court will dismiss the Amended Complaint as duplicative.

## I.     Amended Complaint

In the Amended Complaint, Plaintiff asserts claims arising from multiple FOIA requests and, as relief, seeks production of the documents.  The Court has reviewed his other two cases, which are still pending, and the claims asserted and the documents requested as relief appear to be almost identical.  As Mr. Rosiere was previously warned, repetitious litigation of virtually identical causes of action may be dismissed. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, 9 F. App'x 996, 997 & n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action").

In the Response to the Show Cause Order (ECF No. 8), Mr. Rosiere requests that this case be assigned to a federal judge, that Magistrate Judge Gallagher be removed from the case, that all past orders of Magistrate Judge Gallagher be vacated, and that the "Nature of the Suite Code 890" be changed "to place the proper Nature of the Suit Code 895 to this Freedom of Information Act complaint case." (*Id.*)  As to whether the claims in this case are duplicative of the claims in his other pending cases, Mr. Rosiere argues that "[a]s anyone could read the date on each and every FOIA request in this case are separate and distinct from any other date of FOIA request mention [sic] by Magistrate Judge Gordon P. Gallagher in Doc. 7.  Thus the requests are not being treating [sic] on an individual basis as the law requires."  Mr. Rosiere goes on to state that

> Plaintiff has a right under the Freedom of [I]nformation Act established by Congress to write a request for a record.  To write as many individual request [sic] as he would like. . . . Plaintiff Rosiere has the right under the law to have access

> to court to force the agency to answer each and every request in some form under the law and convey their decision/result/search to Plaintiff Rosiere and place each upon the public docket if they do not comply with the time frame established by Congress.

(ECF No. 8 at 6).

The Court may take judicial notice of its own records and files that are part of the court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court has reviewed the records and filings in this case as well as his other pending cases *Rosiere v. USA*, 2:15-cv-02187 (D. Nev.) and *Rosiere v. USA*, 3:16-cv-341 (D.N.J.). A review of the three cases indicates that they all involve 15 (fifteen) nearly identical FOIA requests. The FOIA requests at issue are identical *except for* the date of the request. The FOIA requests at issue in the District of New Jersey case were all dated July 18, 2015; in the District of Nevada case, identical FOIA requests were dated July 22, 2015; and finally, the requests at issue in the District of Colorado case were all dated July 20, 2015.

"A district court, as part of its general power to administer its docket, 'may stay or dismiss a suit that is duplicative of another federal court suit.'" *Park v. TD Ameritrade Trust Co.*, 461 F. App'x 753, 755 (10th Cir. 2012) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). In general, "a suit is duplicative if the claims, parties, and available relief do not *significantly* differ between the two actions." *Id.* (internal quotation marks omitted) (emphasis added).

In this case, the Court finds that Mr. Rosiere's claims in this action are duplicative of his claims in the other pending actions. Although the FOIA requests at issue were dated two (2) days apart from the other cases, the requests in all other respects are

identical.  The requested relief of obtaining the relevant documents is identical to the other cases.  Therefore, the claims, parties, and relief being sought do not differ significantly between the two actions and Mr. Rosiere may not pursue the same claims simultaneously in multiple cases.  To allow otherwise would permit a party to file an unlimited number of identical FOIA requests on separate days and then file an unlimited number of federal lawsuits regarding the requests.  Such an abuse of the federal court system is not allowed.

Furthermore, Mr. Rosiere's requests that this case be assigned to a federal judge and that Magistrate Judge Gallagher be removed from the case are denied as moot.  His request for Magistrate Judge Gallagher's previous orders to be vacated is denied as none of the orders by Magistrate Judge Gallagher were dispositive.  Finally, his request that the "Nature of the Case" code be changed is also denied.  The "Nature of the Suit" code is for statistical purposes only and the current "890" code for "Other Statutory Actions," is not inappropriate.

For the reasons discussed above, this action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 5) and the action are dismissed as duplicative of *Rosiere v. USA*, 2:15-cv-02187 (D. Nev.) and *Rosiere v. USA*, 3:16-cv-341 (D.N.J.).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   16th   day of    March          , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court